IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

LEGENDS TRUST
paul chavez grantor/owner and
only real party in interest,

      Plaintiff,

v.                                    No. 1:21-cv-01006-KG-JFR

ERIN O'CONNELL, in her capacity as a
Second District Court Judge for
the State of New Mexico,

      Defendant.

<u>MEMORANDUM OPINION AND ORDER OF DISMISSAL</u>

THIS MATTER comes before the Court on *pro se* Plaintiff's Amended Complaint for Quiet Title, Interference with Contract, Declaratory Relief and Injunctive Relief, Doc. 6, filed November 9, 2021 ("Amended Complaint").

**Original Complaint**

This action arises from a foreclosure action in state court and Plaintiff's attempt to redeem the property. *See* Complaint for Quiet Title, Interference with Contract, Declaratory Relief and Injunctive Relief at 1, Doc. 1, filed October 18, 2021 ("Original Complaint"). Plaintiff Legends Trust, which was represented by counsel in the state court case, filed an unopposed petition for redemption of real estate in state court and submitted a proposed order to Defendant, both of which stated Plaintiff Legends Trust would deposit the required redemption amount into the Court Registry "by way of cash, certified check or *bond*." Original Complaint at 3, ¶ 8 (*emphasis added*). Defendant granted the petition but modified the proposed order by requiring that Plaintiff Legends Trust deposit the redemption amount "by way of cash or

cashier's check" only, and not allowing Plaintiff Legends Trust to deposit the redemption amount by way of bond.  Doc. 1-2 at 6.

State court records indicate the state district court entered a judgment confirming the sale of the subject property on November 26, 2019.  Plaintiff Legends Trust filed a motion to reopen the case, a motion for a stay pending a ruling on the order granting the petition for redemption, and a notice of appeal.  The New Mexico Court of Appeals entered its mandate on May 26, 2021.

Plaintiff sought the following relief: (i) "a declaratory judgment that Defendant interfered with the contractual agreement between the purchaser, and Plaintiff Legends Trust by modifying the agreement;" (ii) "a declaratory judgment that Defendant violated Plaintiff's right of due process[1] by modifying the Plaintiff's unopposed statutory right of redemption without allowing participation of the Plaintiff;" (iii) "injunctive relief that the State District court be required to accept the issued Bond as satisfaction of the statutory requirement for redemption and issue a certificate of redemption for the subject  property;" and (iv) "an Order quieting title of the subject property."  Original Complaint at 5-6.

**Order to Show Cause**

United States Magistrate Judge John F. Robbenhaar notified Plaintiff that this case should be dismissed for lack of subject matter jurisdiction, because there is no properly alleged diversity jurisdiction and Plaintiff did not allege there is federal question jurisdiction, stating:

---

[1] The Original Complaint alleged a due process violation of the New Mexico Constitution which provides: "No person shall be deprived of life, liberty or property without due process of law."  N.M. Const. art. II, § 18.  The Original Complaint did not allege a federal due process violation.  Judge Robbenhaar noted that the Original Complaint did not alleged any facts showing Plaintiff has a property interest in paying the redemption amount by way of bond.  *See* Order to Show Cause at 4, Doc. 4, filed October 20, 2021.

> There are only two Parties to this case.  The Complaint does not allege the citizenship of Plaintiff Legends Trust but indicates that Paul Chavez, "sole Trustee of Legends Trust" who signed the Complaint, resides in Albuquerque, New Mexico.  Complaint at 6.  The Complaint also alleges that Defendant "currently sits [as] a state district court judge for the State of New Mexico." Complaint at 2, ¶ 2.  Consequently, Plaintiff Legends Trust has not met its burden of alleging that Plaintiff and Defendant are "citizens of different states." 28 U.S.C. § 1332(a)(1).

Mem. Op. and Order to Show Cause at 3, Doc. 4, filed October 20, 2021 ("Order to Show

Cause").

Judge Robbenhaar also notified Plaintiff that it appears this case is barred by the *Rooker-*

*Feldman* doctrine which:

> bars federal district courts from hearing cases "brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284, 125 S.Ct. 1517, 161 L.Ed.2d 454 (2005). Where the relief requested would necessarily undo the state court's judgment, *Rooker-Feldman* deprives the district court of jurisdiction. *Mo's Express*, 441 F.3d at 1237.

*Velasquez v. Utah*, 775 Fed.Appx. 420, 422 (10th Cir. 2019).  Judge Robbenhaar stated:

> Plaintiff Legends Trust complains that it has been injured by the state court's modification of its proposed order and the subsequent judgment entered by the state court.  Plaintiff Legends Trust requests that the state district court be required to accept the issued bond as satisfaction of the statutory requirement for redemption and to issue a certificate of redemption for the subject property, and that this Court enter an order quieting title of the subject property.  Such relief would necessarily undo the state court's judgment.

Order to Show Cause at 3.

Judge Robbenhaar ordered Plaintiff to show cause why the Court should not dismiss this

case: (i) for lack of subject matter jurisdiction; as (ii) as barred by the *Rooker-Feldman* doctrine.

*See* Order to Show Cause at 5. Judge Robbenhaar also instructed Plaintiff that if Plaintiff asserts

that there is good cause why the Court should not dismiss this case, Plaintiff shall file an

3

amended complaint containing allegations showing: (i) the Court has subject matter jurisdiction; and (ii) this case is not barred by the *Rooker-Feldman* doctrine. *See* Order to Show Cause at 5.

**Amended Complaint**

Plaintiff did not file a response showing cause why the Court should not dismiss this case for lack of jurisdiction. Instead, Plaintiff filed an Amended Complaint which states the Court has jurisdiction pursuant to 28 U.S.C. § 1332, Diversity of citizenship. *See* Amended Complaint at 2. Amended Complaint at 7. Plaintiff alleges that the Court has diversity jurisdiction because "Plaintiff Legends Trust is a private trust to which redemption of rights for the subject real property were transferred with its principal place of business in Washington D.C." and Defendant "currently sits [as] a state district judge for the State of New Mexico." Complaint at 2, ¶¶ 1-2.

The Amended Complaint was filed by "paul chavez, real party in interest and grantor/beneficiary of the LEGENDS TRUST." Amended Complaint at 1. The signature block of the Amended Complaint indicates that "paul chavez [is the] grantor/owner and only real party in interest to Legends trust" and resides in Albuquerque, New Mexico. Amended Complaint at 7.

**Discussion**

As the party seeking to invoke the jurisdiction of this Court, Plaintiff bears the burden of alleging facts that support jurisdiction. *See Dutcher v. Matheson*, 733 F.3d 980, 985 (10th Cir. 2013) ("Since federal courts are courts of limited jurisdiction, we presume no jurisdiction exists absent an adequate showing by the party invoking federal jurisdiction"); *Evitt v. Durland*, 243 F.3d 388 *2 (10th Cir. 2000) ("even if the parties do not raise the question themselves, it is our

duty to address the apparent lack of jurisdiction sua sponte") (quoting *Tuck* v. *United Servs. Auto. Ass'n,* 859 F.2d 842, 843 (10th Cir.1988).

Plaintiff has not alleged facts that support diversity jurisdiction.   The Amended Complaint alleges that Plaintiff Legends Trust's principal place of business is in Washington D.C.   The "principal place of business" standard is applicable for determining citizenship of corporations.   *See Management Nominees, Inc. v. Alderney Investments, LLC*, 813 F.3d 1321, 1324 (10th Cir. 2016) (a corporation's citizenship is "determined by its place of incorporation and principal place of business").   The "principal place of business" standard is not applicable for determining citizenship of trusts:

> When a trustee is a party to litigation, it is the trustee's citizenship that controls for purposes of diversity jurisdiction, as long as the trustee satisfies the real-party-in-interest test set out in *Navarro*. When the trust itself is party to the litigation, the citizenship of the trust is derived from all the trust's "members."

*Conagra Foods, Inc. v. Americold Logistics, LLC*, 776 F.3d 1175, 1181 (10th Cir. 2015) (declining to rule on "the question whether a trust's membership includes, in addition to its beneficiaries, its trustees"), aff'd 577 U.S. 378 (2016).   The Amended Complaint indicates that Paul Chavez resides in Albuquerque, New Mexico, is the trustee of Plaintiff Legends Trust, is the grantor/owner and grantor/beneficiary of Plaintiff Legends Trust, and is the "only real party in interest to Legends trust."   Plaintiff Legends Trust has not shown that there is diversity of citizenship between Plaintiff Legends Trust and Defendant O'Connell, who is a district court judge for the State of New Mexico.

It appears that the Court is barred from hearing this case pursuant to the *Rooker-Feldman* doctrine because the Amended Complaint seeks the following relief which would necessarily undo the state court's judgment: (i) "injunctive relief that the State District Court be required to accept the issued Bond as satisfaction of the statutory requirement for redemption and issue a

certificate of redemption for the subject property;" and (ii) "an Order quieting title of the subject property to all parties except Plaintiff Legends Trust." Amended Complaint at 7. Judge Robbenhaar ordered Plaintiff to show cause why the Court should not dismiss this case as barred by the *Rooker-Feldman* doctrine. Plaintiff did not file a response to Judge Robbenhaar's Order to Show Cause and the Amended Complaint does not address the issue of whether this case is barred by the *Rooker-Feldman* doctrine.

The Court dismisses this case for lack of subject-matter jurisdiction because Plaintiff has not shown that the Court has diversity jurisdiction and has not shown that the Court is not barred from hearing this case pursuant to the *Rooker-Feldman* doctrine. *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action"). *Brereton v. Bountiful City Corp.,* 434 F.3d 1213, 1218 (10th Cir.2006) ("[D]ismissals for lack of jurisdiction should be without prejudice because the court, having determined that it lacks jurisdiction over the action, is *incapable* of reaching a disposition on the merits of the underlying claims.").

IT IS ORDERED that this case is DISMISSED without prejudice.

UNITED STATES DISTRICT JUDGE